UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN M. RICKS,

Plaintiff,

v.

T.C. PETERSON and
J. JARVIS,

Defendants.

Civil No. 00-1363 (RHK/JGL)

**ORDER**

Plaintiff, a prisoner at the Federal Correctional Institution at Sandstone, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983. He alleges that Defendants violated his constitutional rights under the First and Eighth Amendments by wrongfully opening his mail and subjecting him to "cruel and unusual" conditions of confinement. Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), which is now before the Court.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. Because Plaintiff is a prisoner, however, granting his IFP application means only that he will be allowed to bring the present action without pre-paying the full filing fee. See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Plaintiff still will be

FILED JUL 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

required to pay the unpaid balance of the filing fee, (in this case, $100.00), in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Plaintiff has also filed a self-styled motion entitled "Motion For Alternative Payment Of Filing Fee Procedure," (Docket No. 3), by which he apparently seeks to avoid the installment payment procedure prescribed by § 1915(b)(2). However, Plaintiff has cited no legal authority showing that the Court is empowered to set aside the payment plan prescribed by Congress and substitute a different plan offered by a prisoner-plaintiff. Furthermore, under Plaintiff's proposed alternative payment plan, the unpaid balance of the filing fee would be paid Plaintiff's father. Because Plaintiff's father is not a party to this action and the Court lacks personal jurisdiction over him, it is doubtful whether the father could be compelled to pay the balance of the filing fee. Plaintiff's motion seeking formal Court approval for an alternative payment plan will therefore be denied. As a practical matter, of course, Plaintiff's father can still pay the balance of the filing fee, and if he does so expeditiously, the installment payment plan prescribed by § 1915(b)(2) will soon be moot. See 28 U.S.C. § 1915(b)(3) ("In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment").

Because IFP status has been granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(2). Marshal service will therefore be ordered on the two named Defendants.

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28

U.S.C. § 1915A.) Those Defendants on whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, ($100.00), in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. Plaintiff's "Motion For Alternative Payment Of Filing Fee Procedure," (Docket No. 3), is DENIED;

4. A summons shall be issued by the Clerk of Court, and service of process on the named Defendants shall be effected by the U.S. Marshal;

5. A copy of this order shall be served by the Marshal with the summons and complaint; and

6. Those Defendants on whom service of process is effected shall be required to file a response to Plaintiff's complaint.

Dated: July 6, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge