**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JOHN M. RICKS,** Civil File No. 00-1363 (RHK/JGL)

Plaintiff,

v. **O R D E R**

**T.C. PETERSON and J. JARVIS,**

Defendants.

---

John M. Ricks, pro se.

Friedrich Anson Paul Siekert, Esq., Assistant United States Attorney, for Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff John M. Ricks' motion for leave to conduct discovery and for extension of time (Doc. No. 31); Plaintiff's motion in limine to exclude particulars of Plaintiff's conviction (Doc. No. 32); and Plaintiff's motion to impose Rule 11 sanctions (Doc. No. 35). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff Ricks first moves for leave to conduct discovery and for an extension of time to answer Defendants' motion to dismiss. Defendants filed their motion to dismiss on October 20, 2000, at which time this Court ordered

FILED FEB 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff to file and serve a response within thirty days. On November 22, 2000, Plaintiff requested and received an extension of time to respond until January 22, 2001. On that date, Plaintiff did not respond to the motion to dismiss but filed another motion for an extension of time to respond. This Court extended Plaintiff's response deadline until February 28, 2001. On January 23, 2001, Plaintiff filed the present motion for an extension and for leave to conduct discovery. In Plaintiff's memorandum in support of his motion, he claims that he needs to conduct discovery to rebut Defendants' claim of qualified immunity.

Qualified immunity is immunity from litigation and is an issue to be resolved before discovery is permitted. See Siegert v. Gilley, 500 U.S. 226, 231 (1991) (citations omitted); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (stating "[u]ntil this threshold immunity question is resolved, discovery should not be allowed"). Furthermore, Plaintiff Ricks has not articulated any particular need or grounds for discovery on the qualified immunity defense or any other issue. Consequently, the motion is denied in its entirety. Plaintiff must submit a response to Defendants' motion to dismiss by February 28, 2001. Additionally, this Court will not entertain further motions for extensions of time from Plaintiff.

As for Plaintiff's motion in limine to exclude the particulars of his conviction pursuant to D. Minn. LR 39.1, the Court denies this motion as well.

The Court finds Plaintiff's motion premature; the case has not been scheduled for trial. The information to which Plaintiff objects was provided merely as background with respect to the motion to dismiss, not in anticipation of trial. However, Plaintiff's motion in limine is denied without prejudice. Plaintiff may re-file his motion if his case survives the motion to dismiss and subsequently is set for trial.

Finally, Plaintiff Ricks moves for sanctions against Defendants and Defendants' counsel pursuant to Fed. R. Civ. P. 11(c)(1)(A). Plaintiff contends that Defendants have harassed him by including the particulars of Plaintiff's conviction in their motion to dismiss. The Court finds Plaintiff's argument meritless, and the motion is denied.

Based upon the above and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff John M. Ricks' motion for leave to conduct discovery and for extension of time (Doc. No. 31) is **DENIED**;

(2) Plaintiff's motion in limine to exclude particulars of Plaintiff's conviction (Doc. No. 32) is **DENIED WITHOUT PREJUDICE**; and

(3) Plaintiff's motion to impose Rule 11 sanctions (Doc. No. 35) is **DENIED**.

Dated: February 5, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge