**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JOHN M. RICKS,**

Plaintiff,

v.

**T.C. PETERSON and J. JARVIS,**

Defendants.

Civil File No. 00-1363 (RHK/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

John M. Ricks, pro se.

Friedrich A. P. Siekert, Esq., Assistant United States Attorney, for Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Defendants' Motion to Dismiss (Doc. No. 19). This matter has been referred to the undersigned Magistrate Judge for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Plaintiff John Ricks, an inmate at the Federal Correctional Institution in Petersburg, Virginia, filed a Complaint seeking relief pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A federal prisoner who alleges that a person, acting under color of

FILED 3·29·01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

federal authority, deprived the prisoner of a constitutional right may seek relief in a Bivens action. See 403 U.S. at 396-97. Defendants are T.C. Peterson, Warden at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"), and James Jarvis, an Inmate Systems Supervisor at FCI-Sandstone. Plaintiff Ricks seeks nominal and punitive damages against each Defendant, and Plaintiff specifies in his Complaint that he is suing both Defendants solely in their individual capacities. (Compl. ¶¶ 2-3.) Mr. Ricks sues Defendants for alleged violations of his First and Eighth Amendment rights while he was incarcerated at FCI-Sandstone from September 22, 1998 to August 9, 2000. In his Complaint, Plaintiff Ricks claims that Defendant Peterson violated his Eighth Amendment rights by failing to provide adequate sanitation facilities; refusing to remove asbestos from living, working, and recreation areas; failing to provide safe drinking water; and causing increased violence as a result of overcrowding. In addition, Plaintiff submits that Defendant Jarvis violated his First Amendment rights by mishandling privileged correspondence.

Defendants Peterson and Jarvis dispute Plaintiff's contentions and move for dismissal for failure to exhaust administrative remedies and on the grounds of qualified immunity. Defendants also challenge Plaintiff's claims on the merits.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants argue that Plaintiff Ricks has not pursued any administrative remedies for the alleged wrongs and that this case is therefore barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Buege Aff. ¶ 2.) The Bureau of Prisons ("BOP") has established a three-level administrative remedy procedure by which an inmate may seek formal review of a complaint. An inmate must first present his complaint to the staff at the institution where the alleged violation occurred. See 28 C.F.R. § 542.13. The inmate may appeal an adverse decision to the Regional Director. See id. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office. See id. Plaintiff Ricks acknowledges that he has not taken any of the steps provided by the administrative remedy procedure with respect to any of his claims. Rather, Plaintiff contends that if a prison's grievance procedure does not provide for an administrative award of monetary relief, exhaustion of administrative remedies is not required.

The PLRA bars prisoner actions attacking prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eighth Circuit has held that the requirements of the PLRA "are clear: If administrative remedies are available, the prisoner must exhaust them." Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (dismissing the complaint), cert. denied, 121 S. Ct. 1106 (2001); see also Castano v. Nebraska

Dep't of Corr., 201 F.3d 1023, 1025 (8th Cir. 2000), cert. denied, 121 S. Ct. 266 (2000). In the present case, the question is whether an administrative remedy is "available" where Plaintiff is seeking monetary relief but the administrative grievance procedure does not offer such relief.[1]

Defendants cite McCarthy v. Madigan, 503 U.S. 140 (1992), a pre-PLRA case, for the proposition that a federal prisoner bringing a Bivens action need not first exhaust administrative remedies as long as he seeks only monetary damages. Attempting to distinguish McCarthy from the present case, Defendants argue that Plaintiff seeks more than monetary damages; he also requests costs, expenses, and other relief. However, this attempted distinction is legally deficient, and any reliance on McCarthy is erroneous. First, McCarthy envisioned a distinction between monetary damages and injunctive relief, see id. at 153 n.5, and a plaintiff's request for costs and fees does not transform the relief requested from monetary to injunctive. Second, the Supreme Court noted in McCarthy that Congress had not expressed an intent to require federal prisoners to exhaust administrative remedies before seeking Bivens relief. See id. at 152. However, Congress amended § 1997e(a) in 1996 and expressed such intent, effectively overruling McCarthy to this extent. See

---

[1] The Court can only presume that the administrative remedies provided by FCI-Sandstone and the BOP do not include monetary relief. Neither party submitted evidence or the applicable regulations to the Court. Title 28 C.F.R. § 542 neither expressly allows nor prohibits monetary awards.

Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997) (citing 141 Cong. Rec. H14078-02, H14105).

The Eighth Circuit has not decided the precise issue of whether the PLRA exhaustion requirement is applicable to cases in which a prisoner seeks only monetary relief, but at least one other district court in this Circuit has decided the question in the affirmative. See Smith v. Stubblefield, 30 F. Supp. 2d 1168, 1174 (E.D. Mo. 1998). Furthermore, in an analogous situation, the Eighth Circuit affirmed the dismissal of a § 1983 case for failure to exhaust administrative remedies even though the inmate argued that the applicable prison regulations would not provide adequate redress for his claims. See Robinson v. Jordan, No. 97-1982, 1998 WL 382571, at *1 (8th Cir. June 8, 1998) (unpublished) (per curiam). The Sixth, Seventh, and Eleventh Circuits have held that prisoner suits for money damages are subject to the exhaustion requirement. See Wyatt v. Leonard, 193 F.3d 876, 878-79 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 537 (7th Cir. 1999); Alexander v. Hawk, 159 F.3d 1321, 1325-27 (11th Cir. 1998). The Fifth, Ninth, and Tenth Circuits have held the opposite. See Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998); Lunsford v. Jumao-As, 155 F.3d 1178, 1179 (9th Cir. 1998); Garrett v. Hawk, 127 F.3d 1263, 1267 (10th Cir. 1997).

This Court finds notably persuasive the reasoning and holdings in Smith and Perez, and agrees that the PLRA exhaustion requirement applies to

prisoner claims for monetary relief.

> Section 1997e would not be worth much if prisoners could evade it simply by asking for relief that the administrative process is unable to provide. An administrative claim may help to narrow a dispute or avoid the need for litigation. Administrative remedies can even help when the prisoner wants damages.

Perez, 182 F.3d at 537. Smith gave four compelling reasons why prisoners should be required to exhaust administrative remedies before bringing claims for monetary damages: (1) the plain language of § 1997e does not qualify the exhaustion requirement; (2) prisoners would limit their requested relief to monetary damages to circumvent the exhaustion requirement; (3) requiring exhaustion allows prisons to offer an alternative, satisfactory form of relief thereby providing the prisoner with a quick, inexpensive resolution and enhancing judicial efficiency; and (4) the prisoner's rights and interests are not jeopardized by requiring exhaustion, especially because an administrative remedy might provide adequate, substitute relief. See 30 F. Supp. 2d at 1172-73.

In the present case, it is undisputed that Plaintiff Ricks did not follow any of the three steps in the Federal Bureau of Prisons' administrative remedy procedure with respect to his claims. Plaintiff failed to exhaust his administrative remedies as required by the PLRA, and his case is

consequently barred. Accordingly, the Court recommends that Defendants' motion to dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice.[2]

Based upon the above and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Doc. No. 19) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 28, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under Fed. R. Civ. P. 72 and D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 16, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

---

[2] Because Defendants' motion is granted on the basis that Plaintiff's case is barred by the PLRA, the Court does not reach Defendants' other arguments.