**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOHN M. RICKS,

Plaintiff-Appellant,

v.

T.C. PETERSON, and
J. JARVIS,

Defendant-Respondents.

Civil No. 00-1363 (RHK/JGL)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 54.) For the reasons discussed below, the Court concludes that (a) pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff should be required to pay an initial partial filing fee in the amount of $33.14, and (b) Plaintiff's IFP application should be denied.

Plaintiff is a federal prisoner who is seeking relief for alleged violations of his constitutional rights. He is attempting to appeal this Court's order of May 4, 2001, (Docket No. 51), which dismissed his complaint without prejudice. Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a

FILED JUL 0 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY

partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute, because the certified financial statement included in his IFP application shows that he has been able to make regular deposits to his prison trust account during the past six months, and that he has been able to maintain a positive average balance in that account. According to the "Certificate" portion of the IFP application, the average monthly balance of Plaintiff's prison trust account during the preceding six months was $12.87, and according to the trust account records attached to the application, the

average monthly deposit to Plaintiff's account during the same period was $165.71. Because the average monthly deposit amount is greater than the average monthly balance amount, Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is $33.14, ($165.71 x 20% = $33.14). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris. The remaining balance of the $105 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

The Court further finds, however, that even though Plaintiff is financially eligible for IFP status, and even though he will be required to pay the appellate filing fee in the manner prescribed by § 1915(b), his IFP application still must be denied, because his appeal is not taken in good faith.

The magistrate judge to whom this case was assigned recommended that Plaintiff's complaint be dismissed without prejudice, because Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff objected to that recommendation, arguing that he should be excused from the exhaustion requirement, because he is seeking only money damages, and such relief cannot be provided under any of the administrative remedies available to him.

Prior to the Supreme Court's decision on May 29, 2001, in Booth v. Churner, 121 S.Ct. 1819 (2001), Plaintiff could have presented a good faith argument on appeal in support of his position on the exhaustion question. In Booth, however, the Supreme Court unanimously rejected essentially the same argument that Plaintiff has been making here. In light of the Booth decision, Plaintiff can no longer argue in good faith that he should be excused from § 1997e(a)'s exhaustion requirement simply because he is seeking an "unavailable" remedy -- namely money damages. Thus, the Court finds that Plaintiff's current appeal is not taken in good faith for purposes of 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2), and Fed. R. App. P. 24(a)(3). It follows that Plaintiff's application seeking leave to

proceed in forma pauperis on appeal must be denied.

Finally, because Plaintiff has not shown any plausible grounds for his current appeal, the Court finds that this appeal should be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $33.14;

(2) Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 54), is DENIED; and

(3) Unless otherwise ordered by the Court of Appeals, Plaintiff's present appeal will be counted as a new "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: July 2, 2001

RICHARD H. KYLE
United States District Court Judge

---

[1] Section 1915(g) was enacted as part of the PLRA. It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."